UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:25-CV-16-D

FATIMA WALTON,

                     Plaintiff,

v.

RELIAS LLC, et al.,

                     Defendants.

ORDER &
MEMORANDUM &
RECOMMENDATION

      This matter is before the court on Plaintiff's application to proceed *in forma pauperis* and for frivolity review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), [DE-1, -4]. Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs, and the application to proceed *in forma pauperis* is allowed. On frivolity review of the complaint, it is recommended that the ADA claim against Relias LLC be allowed to proceed but that the ADA claim against Angela Carter be dismissed for failure to state a claim.

      Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(i–iii); *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims"). A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009).

      Plaintiff alleges that her employer, Relias LLC, discriminated against her based on her

disabilities of anxiety disorder and irritable bowel syndrome, failed to accommodate her disabilities, and wrongfully terminated her employment. Plaintiff received a right to sue letter on December 29, 2024, and now seeks to assert claims for discrimination and retaliation under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112 to 12117, against Relias LLC and Angela Carter, Plaintiff's supervisor. Plaintiff seeks monetary damages and injunctive relief.

The undersigned finds that the claims against Relias LLC are not clearly frivolous and should be allowed to proceed. However, Angela Carter should be dismissed from this action because, as a supervisor, she is not subject to individual liability under Title I of the ADA. *See Manning v. N.C. State Univ.*, 724 F. Supp. 3d 438, 454 (E.D.N.C. 2024) (dismissing Title I ADA claims against an individual) (citing 42 U.S.C. §§ 12111(5)(A), 12111(7); *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999); *Pelela v. Mike & Katy's Causeway Cafe, Inc.*, No. 7:05-CV-196, 2006 WL 8439080, at *1 (E.D.N.C. Jan. 27, 2006)).

Accordingly, the application to proceed *in forma pauperis* is allowed, and it is recommended that the ADA claim against Relias LLC be allowed to proceed but that the ADA claim against Angela Carter be dismissed for failure to state a claim.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. You shall have until **April 1, 2025**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local

Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline will bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

SO ORDERED, this the 18 day of March, 2025.

Robert B. Jones, Jr.
United States Magistrate Judge

3

Case 2:25-cv-00016-D-RJ   Document 7   Filed 03/18/25   Page 3 of 3