IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:25-CV-16-D

| | | |
|---|---|---|
| FATIMA WALTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| RELIAS LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On February 27, 2025, Fatima Walton ("Walton" or "plaintiff"), appearing pro se, filed a complaint [D.E. 1] and motion to proceed in forma pauperis [D.E. 4]. Pursuant to 28 U.S.C. § 636(b)(1), the court referred the matter to United States Magistrate Judge Jones for a memorandum and recommendation on Walton's motion to proceed in forma pauperis and for frivolity review [D.E. 6].

On March 18, 2025, Magistrate Judge Jones issued an order and memorandum and recommendation ("M&R") [D.E. 7]. In the order, Magistrate Judge Jones granted Walton's motion to proceed in forma pauperis, and recommended that the court dismiss the ADA claims against Angela Carter ("Carter") for failure to state a claim, dismiss Carter from the case, and allow the Walton's ADA claims against Relias, LLC to proceed. See id. at 1–3.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error

on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted). If a party makes only general objections, de novo review is not required. See Wells v. Shriners Hosp., 109 F.3d 198, 200 (4th Cir. 1997). In "order to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quotation omitted); see United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007).

Neither party objected to the M&R. Therefore, the court reviews for clear error. The court has reviewed the M&R and the record. There is no clear error on the face of the record. See Diamond, 416 F.3d at 315.

In sum, the court ADOPTS the conclusions in the M&R [D.E. 7], DISMISSES WITHOUT PREJUDICE Walton's ADA claims against Carter, and DISMISSES Carter from the case. Walton may proceed with her ADA claims against Relias, LLC.

SO ORDERED. This 16 day of April, 2025.

JAMES C. DEVER III
United States District Judge